NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GENETICS INSTITUTE, LLC,**
*Plaintiff-Appellant,*

v.

**NOVARTIS VACCINES AND DIAGNOSTICS, INC.,**
*Defendant-Appellee.*

---

2010-1264

---

Appeal from the United States District Court for the District of Delaware in case no. 08-CV-0290, Judge Sue L. Robinson.

------------

---

**GENETICS INSTITUTE, LLC,**
*Plaintiff-Appellee,*

v.

**NOVARTIS VACCINES AND DIAGNOSTICS, INC.,**
*Defendant-Appellant.*

---

2010-1301

---

Appeal from the United States District Court for the District of Delaware in case no. 08-CV-0290, Judge Sue L. Robinson.

---

## ON MOTION

---

Before LINN, DYK, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

### ORDER

Novartis Vaccines and Diagnostics, Inc. (Novartis) moves to dismiss appeal no. 2010-1264. Genetics Institute, LLC (Genetics) opposes. Novartis replies. Genetics moves to dismiss Novartis' cross-appeal no. 2010-1301. Novartis opposes. Genetics replies.

On May 16, 2008, Genetics filed a complaint in the United States District Court for the District of Delaware seeking an adjudication that its patent was entitled to priority pursuant to 35 U.S.C. § 291 over two patents assigned to Novartis. The Genetics patent was originally set to expire on September 19, 2006. However, the United States Patent and Trademark Office granted the Genetics patent a patent term extension until February 28, 2010. Novartis moved to dismiss Genetics' complaint for lack of subject matter jurisdiction arguing that (1) Genetics lacked standing because it was not the owner of the patent at issue; (2) there was no interference-in-fact; and (3) the extension of the Genetics patent did not apply to the claims at issue and these claims were therefore expired. On February 24, 2010, the district court granted Novartis' motion and entered judgment in Novartis' favor, finding no interference-in-fact between the patents at issue. Genetics appealed the judgment to this court.

Novartis argues that this court should dismiss Genetics' appeal for lack of jurisdiction. Novartis contends that, pursuant to § 291, Genetics cannot pursue this appeal because the patent at issue here now expired. The court deems it the better course for the parties to put their arguments concerning whether the court has jurisdiction to consider Genetics' appeal in their briefs.

Novartis filed a cross-appeal, arguing that the district court erred in not finding that the relevant claims of the Genetics patent had expired in September 2006 so that the district court lacked jurisdiction at the outset. Genetics argues that because Novartis prevailed below and is not seeking to reverse or modify the district court's judgment of no interference, Novartis' cross-appeal must be dismissed for lack of jurisdiction. Novartis contends that its cross-appeal is proper to the extent that ruling on when Genetics' patent expired would require modification of the judgment.

We conclude Novartis' cross-appeal must be dismissed. A party lacks standing to cross-appeal unless it is adversely affected by the judgment it seeks to challenge. *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1156 (Fed. Cir. 2004); *Bailey v. Dart Container Corp.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002). (appeal is proper only if party "seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment."). In this case, the district court entered judgment dismissing Genetics' complaint. Acceptance of Novartis' argument concerning the expiration of the patent claims would not result in a modification of the judgment of dismissal. Instead, Novartis' argument concerning the expiration date of the patent claims is simply an alternative ground for affirmance of the judgment and thus may be presented as an appellee.

An "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record,

although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it." *United States v. American Ry. Express Co.*, 265 U.S. 425, 435 (1924). *See also Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n. 1 (Fed. Cir. 1989) (appellee may assert alternative grounds for affirming the judgment that are supported by the record).

Accordingly,

IT IS ORDERED THAT:

(1)  Novartis' motion to dismiss is denied.

(2)  Genetics' motion to dismiss Novartis' cross-appeal, 2010-1301, is granted.

(3)  Each side shall bear its own costs in 2010-1301.

(4)  The revised official caption for 2010-1264 is reflected above.

(5)  Novartis' brief is due within 40 days of the date of filing of this order.

FOR THE COURT

**DEC 0 1 2010**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 0 1 2010

JAN HORBALY
CLERK

cc:  Bradford J. Badke, Esq.
      George A. Riley, Esq.

s20

Issued As A Mandate (for 2010-1301 only):___**DEC 0 1 2010**___